UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ROBERTA DOVER, :
:
Plaintiff, :
:
v. : Civil Action No. 13-670 (GK)
:
MEDSTAR WASHINGTON :
HOSPITAL CENTER, INC., et al., :
:
Defendants. :
---

## MEMORANDUM OPINION

On May 4, 2012, Plaintiff Roberta Dover ("Dover" or "Plaintiff") brought an action in D.C. Superior Court against her former employer Defendant Medstar Washington Hospital Center ("WHC") and Defendants Paul Higgins, William Mullins, and Marie Boursiquot, WHC employees and managers (collectively, "Defendants"). On May 9, 2013, Defendants removed the case to this court.

The matter is presently before the Court on Plaintiff's Motion for Leave to Amend the Complaint [Dkt. No. 12] and Defendants' Motion for Section 1927 Sanctions [Dkt. No. 13]. Upon consideration of the Motions, Oppositions, and Replies, the entire record herein, and for the reasons stated below, Plaintiff's Motion for Leave to Amend the Complaint is **granted**

**in part** and **denied in part**, and Defendants' Motion for Sanctions is **denied**.

I.  BACKGROUND

On May 4, 2012, Plaintiff filed her initial Complaint in D.C. Superior Court. The Complaint alleged intentional interference with prospective advantage and economic expectancy (Counts I and II), intentional misrepresentation (Count III), and defamation (Count IV). Plaintiff sought an injunction, back pay, compensatory damages, and punitive damages.

On April 22, 2013, after the original date for the close of discovery, Plaintiff filed an Amended Complaint adding several factual allegations and seven new claims. Her new claims alleged wrongful discharge (Count I), breach of contract (Counts II and III), breach of the covenant of good faith and fair dealing (Count IV), negligence (Count V), negligent supervision (Count VI), and intentional interference with business relations (Count IX). Her original intentional interference claims became Count VII and VIII.[1]

On May 9, 2013, Defendants removed the case to this Court, arguing that the new claims required an interpretation of the Collective Bargaining Agreement ("CBA") between MedStar and the Nurses United of the National Capital Region ("Nurses United").

---

[1] Plaintiff did not include her original defamation or intentional misrepresentation claims in the Amended Complaint.

Defendants argued that the common-law claims were preempted by section 301 of the Labor Management Relations Act ("LMRA"), thus requiring removal to this Court.

On May 16, 2013, Defendants filed a Motion to Dismiss the Complaint [Dkt. No. 3]. They sought to dismiss Claims I-VI, arguing that the claims should be dismissed under the LMRA for failure to file within the statute of limitations, failure to allege a breach of the duty of fair representation by a union, and failure to exhaust remedies under the CBA prior to bringing suit. Plaintiff's Opposition was due June 3, 2013, but no opposition was filed.

Instead, a month and a half after the Opposition was due, Plaintiff filed a Motion for Leave to Amend the Complaint [Dkt. No. 12]. Plaintiff's proposed Second Amended Complaint consists of five claims: negligent supervision (Count I), failure to pay overtime under D.C. Code §§ 32-1301, et seq. (Count II), and intentional interference with prospective advantage, economic expectancy, and business relations (Counts III-V). Defendants filed an Opposition [Dkt. No. 14] and Plaintiff filed a Reply [Dkt. No. 16]. The matter is now ripe for consideration.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so

-3-

requires." The Supreme Court has noted that a district court should grant leave to amend a complaint "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). However, "[w]ithin these bounds, a district court has discretion to grant or deny leave to amend under Rule 15(a)." Atchinson v. Dist. of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996).

### III. ANALYSIS

#### A. Motion for Leave to File Amended Complaint

Defendants object to the two new claims Plaintiff raises in her proposed Second Amended Complaint. First, Defendants argue that Plaintiff's claim for negligent supervision (Count I) was conceded when Plaintiff failed to respond to arguments raised in Defendants' Motion to Dismiss against a similar claim for negligent supervision in the First Amended Complaint. Second, Defendants argue that Plaintiff's claim for failure to pay overtime (Count II) is time-barred, and, thus, amending the complaint to include this claim would be futile. The Court will address each issue in turn.

### 1. Negligent Supervision

Defendants argue that Count I of the proposed Second Amended Complaint for "Negligent Supervision" parallels Count VI of the First Amended Complaint. They argue that Plaintiff conceded that claim lacked merit when she failed to oppose the arguments raised against it in Defendants' Motion to Dismiss.

Although Defendants recognize that this Court has broad discretion to treat the absence of a response as a concession under Local Rule 7(b), that rule is inapplicable here. Defendants' argument against Plaintiff's claim for Negligent Supervision in the First Amended Complaint was that it was "based upon and/or related to the CBA and the LMRA." See Pl.'s Reply to Opposition to Motion for Leave to Amend Complaint at 5 [Dkt. No. 16]; Mem. in Support of Defs.' Mot. to Dismiss Counts I, II, III, IV, V, and VI for Failure to State Claims Upon Which Relief Can Be Granted at 7 [Dkt. No. 3-1] (noting that "Count[] . . . VI require[s] interpretation of the provisions of the CBA and [is] also preempted by Section 301 of the LMRA"). Because the proposed Second Amended Complaint no longer bases its claims on the CBA, the Court finds that the arguments raised in Defendants' Motion to Dismiss are not applicable to the Negligent Supervision claim as raised in the Second Amended Complaint. Thus, Defendants have failed to identify a persuasive

reason why Plaintiff should not be allowed to pursue her claim, and the Motion for Leave to Amend Complaint shall be **granted** as to Count I.

### 2. Failure to Pay Overtime

Defendants argue that Count II of the proposed Second Amended Complaint, a claim for Failure to Pay Overtime under D.C. law, should be denied as futile because it is time-barred.

Plaintiff's claim arises from D.C. Code §§ 32-1301, et seq., known as the D.C. Wage Payment and Collection Law ("DCWPCL"). See Ventura v. Bebo Foods, Inc., 738 F. Supp. 2d 8, 20 (D.D.C. 2010). The statute of limitations for such claims is three years. See D.C. Code § 32-1013; Ventura, 738 F. Supp. 2d at 30 ("The statute of limitations under . . . the DCWPCL . . . is only three years.").

No party disputes that Plaintiff's claim accrued on June 25, 2009, the date that Plaintiff was terminated. Defendants argue that Plaintiff's Motion for Leave to File her Second Amended Complaint was filed over four years later, and, thus, the claim is time-barred.

An amendment to a complaint that raises an otherwise time-barred claim may yet be timely if the amendment "relates back" to the date of the original complaint under Federal Rule of Civil Procedure 15(c). See Jones v. Bernanke, 557 F. 3d 670, 674

(D.C. Cir. 2009). That Rule provides, among other things, that an amendment relates back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. of Civ. P. 15(c)(1)(B).

Relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005); see also Jones, 557 F.3d at 674 ("[A]n amendment that 'attempts to introduce a new legal theory based on facts different from those underlying the timely claims' does not relate back.") (citation omitted). Instead, "[t]he underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." Meijer, Inc. v. Biovail Corp., 533 F.3d 857, 866 (D.C. Cir. 2008).

Plaintiff's original Complaint did not allege any facts related to wages or overtime. The only facts alleged were that Plaintiff had "experienced wrongful treatment" by her supervisors; namely, "gross wrongful disparagement and harassment." Compl. p. 3 [Dkt. No. 1, Ex. 3]. Consequently, the original Complaint did not give Defendants notice that they

-7-

might face liability for wage payment violations. For this reason, Plaintiff cannot include her claim at this late date because it is time-barred and therefore futile. Plaintiff's Motion for Leave to Amend Complaint shall be **denied** as to Count II.

### 3. Undue Delay, Prejudice, and Bad Faith

A district court may deny leave to amend a complaint if the moving party demonstrates "undue delay, bad faith, or dilatory motive on the part of the movant," among other things. Atchinson, 73 F.3d at 426. Defendants argue that permitting Plaintiff to amend her Complaint at all at this late date will result in undue delay and prejudice, and that Plaintiff's counsel is acting in bad faith in seeking the amendment. The Court disagrees.

Any undue delay in this case was caused by Plaintiff's original Amended Complaint, which added claims that were clearly insufficient under the LMRA. However, at this point, it appears to the Court that Plaintiff's counsel is attempting to move forward in good faith in the best interests of his client, rather than attempting to delay the case further. As discussed above, four of the five claims raised in the Second Amended Complaint may move forward. Thus, the Court finds that the

attempt to amend the complaint is neither motivated by an attempt to further delay the case or bad faith.

Even if there was undue delay, such delay is insufficient to justify denying leave to amend in the absence of a showing that the opposing party will suffer prejudice. See Caribbean Broad. Sys., Ltd. V. Cable & Wireless P.L.C., 148 F.3d 1080, 1084 (D.C. Cir. 1998) (discussing cases where district court abused discretion in denying leave to amend based on delay in absence of showing of prejudice). There is no prejudice here because Defendants are free to seek to re-open discovery on the new claim in D.C. Superior Court after the case is remanded, as discussed below.

Thus, Plaintiff's Motion for Leave to File an Amended Complaint is **denied** as to Count II and **granted** as to all other claims.[2]

### B. Remand to Superior Court

This case was removed to this Court because Plaintiff's claims that the CBA was violated meant that her common-law claims were pre-empted by federal law, namely, the LMRA. At this point, Plaintiff no longer alleges or bases any claims on the

---

[2] Because the Court grants in part Plaintiff's Motion for Leave to Amend the Complaint, Defendants' Motion to Dismiss [Dkt. No. 3] the original complaint is dismissed as moot. See Johnson v. Panetta, _ F. Supp. 2d _, 2013 WL 3742495, at *5 (D.D.C. July 17, 2013) (granting motion for leave to amend complaint and, "in doing so," noting that motion to dismiss became moot).

CBA. Thus, there is no longer federal jurisdiction over this case.

The Court declines to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c)(3) because they all relate to local District of Columbia law. See Shekoyan v. Sibley Int'l, 409 F.3d 414, 423-24 (D.C. Cir. 2005) (noting that if "all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). When a case removed from state court no longer contains any basis for federal court jurisdiction, remanding the case to state court is the proper course of action. See Blue v. Fremont Inv. & Loan, 584 F. Supp. 2d 10, 12 (D.D.C. 2008); see also Randolph v. ING Life Ins. & Annuity Co., 486 F. Supp. 2d 1, 10 (D.D.C. 2007) (remanding case to D.C. Superior Court due to lack of subject matter jurisdiction). Accordingly, the Court will remand the remaining claims to the D.C. Superior Court.

**C. Sanctions**

Defendants have filed a Motion for Section 1927 Sanctions [Dkt. No. 13]. Plaintiff filed an Opposition [Dkt. No. 15] and

-10-

Defendants filed a Reply [Dkt. No. 17]. That Motion is also ripe for consideration.

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

While it is true that our Court of Appeals "has not yet established whether the standard [for unreasonable and vexatious conduct under § 1927] should be 'recklessness' or the more stringent 'bad faith,'" LaPraude v. Kidder, Peabody & Co., 146 F.3d 899, 905 (D.C. Cir. 1998), it has noted that although "the language of § 1927 suggests [that] deliberate misbehaviour, subjective bad faith is not necessary; attorneys have been held accountable for decisions that reflect reckless indifference to the merits of a claim." Reliance Ins. Co. v. Sweeney Corp., 792 F.2d 1137, 1138 (D.C. Cir. 1986) (citation omitted). However, the Court of Appeals has also stated that "inadvertent[ ] and negligent acts will not support an imposition of sanctions under section 1927." United States v. Wallace, 964 F.2d 1214, 1219 (D.C. Cir. 1992) (quotation and citation omitted).

The Court concludes that the action of Plaintiff's counsel, in filing an Amended Complaint with claims that were clearly

-11-

inadequate, and which he agreed he had not properly researched, simply do not meet the very high standard that the Court of Appeals has relied upon in deciding whether Section 1927 sanctions are appropriate. Moreover, while such sanctions have been imposed in a number of cases, the conduct sanctioned in those cases was dramatically different from and more egregious than what occurred in the present case. See LaPraude, supra; Robertson v. Cartinhour, Jr., 883 F. Supp. 2d 121 (D.D.C. 2012); McMahon v. Shearson/American Express, Inc., 709 F. Supp. 369, 372 (S.D.N.Y. 1989), rev'd, 896 F.2d 17 (2d Cir. 1990).

However, the Court remains extremely disturbed about the propriety of the manner in which Plaintiff's counsel has handled this case. Among other things, at no time during the nine-month discovery period did Plaintiff's counsel even attempt to schedule depositions of defense witnesses; the day that discovery was to close on December 17, 2012, with no prior notice to opposing counsel, Plaintiff's counsel requested consent to extend the Scheduling Order deadlines and the date for closing of discovery, to which Defendants did consent even at that 11th hour. Discovery was extended to March 15, 2013. On February 12, 2013, Plaintiff's counsel filed a Motion for Leave to Amend the Complaint, and he neglected to send defense counsel a copy of that proposed Amended Complaint; it took him nine days

-12-

to provide a copy of it to defense counsel. On April 22, 2013, Plaintiff filed her first Amended Complaint in which six of the seven new claims were clearly pre-empted by section 301 of the LMRA, 29 U.S.C. § 185, thereby prompting Defendants to remove the lawsuit to federal court. Plaintiff's counsel conceded at the Status Conference on June 21, 2013, that there were "valid arguments on the defense side" to justify removal to the federal court, and he had "never had occasion to deal with matters related to the LMRA." Pl.'s Opp'n at ¶ 5. Thereafter, Defendants moved to dismiss those six claims because Plaintiff did not file them within the six month statute of limitations applicable under Section 301 of the LMRA, among other things. Plaintiff's counsel never filed an Opposition to that Motion or notified the Court in any fashion that he had no opposition.

What is even more troubling to the Court is that Plaintiff's counsel obtained a retainer from his client, managed to use up that retainer, spent most of his time responding to Defendants' discovery requests, and as soon as the retainer was used up, and after the Court was about to set a schedule for the filing of dispositive motions, filed a "consent" motion to

withdraw, leaving his client at this important juncture in the litigation without counsel.[3]

However, because of the high bar for imposition of Section 1927 sanctions, as noted above, the Court is compelled to deny Defendants' Motion for Section 1927 Sanctions.

**IV. CONCLUSION**

Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons set forth in this Memorandum Opinion, Plaintiff's Motion for Leave to File the Amended Complaint is **granted in part** and **denied in part**, Defendants' Motion to Dismiss is **denied as moot**, and Defendants' Motion for Section 1927 Sanctions is **denied**. The case is remanded to D.C. Superior Court for further proceedings. An Order shall accompany this Memorandum Opinion.

October 30, 2013

Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF

---

[3] The "consent" referred to opposing counsel; there is nothing in the record to indicate that his client had "consented."